UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD J. HOLLIS,

    Petitioner,

v.                                    Case No. 2:09-cv-197
                                    HON. R. ALLAN EDGAR

GARY CAPELLO,

    Respondent.

_____/

**MEMORANDUM AND ORDER**

Petitioner Ronald J. Hollis, a Michigan state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* amended petition for writ of habeas corpus attacking and challenging the validity of his Michigan state court conviction under 28 U.S.C. § 2254. The habeas petition was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d).

On December 2, 2009, Magistrate Judge Greeley submitted his report and recommendation. [Doc. No. 12]. It is recommended that the habeas petition be denied and dismissed with prejudice on the ground it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2).

Petitioner Hollis has not timely filed a valid objection to the report and recommendation. Instead, he has filed three unusual documents which do not directly address, and are not responsive to, the report and recommendation. The first document filed by Hollis is captioned "NOTICE LETTER OF ROGATORY." [Doc. No. 13]. The second document is captioned "PETITION FOR

1

IMMEDIATE RELEASE FROM CUSTODY." [Doc. No. 14].  The third document is captioned "PETITION FOR SHOW CAUSE HEARING." [Doc. No. 15]. The Court concludes that these three documents are entirely without merit. Petitioner Hollis is not entitled to any habeas relief based on the frivolous theories he raises under Uniform Commercial Code. The Court has reviewed the record *de novo*. To the extent that the three documents filed by Hollis [Doc. Nos. 13, 14, 15] may liberally be construed as objections to the report and recommendation, such objections are **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b) the Court **ACCEPTS and ADOPTS** the report and recommendation. Hollis did not timely file his habeas petition and it is now time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A). Accordingly, for the reasons expressed in the report and recommendation the petition for writ of habeas corpus brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE**.

If petitioner Hollis files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not find it debatable whether the habeas petition has been properly dismissed on the ground it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

A separate judgment will enter.

SO ORDERED.

Dated: January 5, 2010.

                                          */s/ R. Allan Edgar*
                                          R. ALLAN EDGAR
                                          UNITED STATES DISTRICT JUDGE